UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARGE JOHNSON,<br><br>   Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>   Defendant. | Civil No. 3:11-cv-2596-JAH (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |

### INTRODUCTION

On November 8, 2011, Plaintiff, proceeding pro se, filed a complaint challenging the decision of the Commissioner of Social Security to deny Plaintiff Social Security benefits, (Dkt. No. 1), an application to proceed in forma pauperis, (Dkt. No. 2), and a motion for appointment of counsel, (Dkt. No. 3). After a review of Plaintiff's pleadings, and for the reasons stated herein, this Court **GRANTS** Plaintiff's motion to proceed in forma pauperis and **DENIES** Plaintiff's motion for appointment of counsel.

**1. Motion to Proceed In Forma Pauperis**

A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the fees. See 28 U.S.C. § 1915(a). Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and sua

sponte review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000)(en banc).

This Court has conducted a sua sponte review of Plaintiff's allegations and finds that Plaintiff's claims do not appear, on their face, to be frivolous or malicious. In addition, Plaintiff's complaint does not appear, on its face, to fail to state a claim pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), nor does Defendant appear to be immune from suit.

Regarding Plaintiff's ability to proceed without payment of fees, Plaintiff indicates he is currently unemployed and has not worked since April 2006. (Dkt. No. 2 at 2.) Plaintiff represents that he received one Social Security, disability, or other welfare check in the twelve months preceding the filing of his motion to proceed in forma pauperis. (Id.) Plaintiff additionally represents that he received no money from "[a]ny other sources" in those preceding twelve months, (id.), but also represents that his mother and family "sometimes help [Plaintiff] out" by providing funds for his day-to-day expenses, (id. at 3.) Notwithstanding this apparent inconsistency, this Court finds that, based on the remainder of Plaintiff's representations, Plaintiff has shown that he is unable to pay the fees required to commence his lawsuit. Therefore, this Court **GRANTS** Plaintiff's motion to proceed in forma pauperis.

**2. Motion for Appointment of Counsel**

In addition to Plaintiff's motion to proceed in forma pauperis, Plaintiff also filed a motion for appointment of counsel, citing the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1), and included a declaration in support of this request. Section 2000e-5(f)(1), however, is not applicable to reviews of Social Security Disability determinations. Nevertheless, this Court has reviewed Plaintiff's motion and attached declaration to determine whether the appointment of counsel is appropriate in this instance.

Generally, a plaintiff in a civil case has no right to appointed counsel. See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989); United States v. 30.64 Acres, 795 F.2d 796, 801 (9th Cir. 1986). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). Bailey v. Lawford, 835 F.Supp. 550, 552 (S.D. Cal. 1993).

Additionally, court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires a finding of "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilson v. Esalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate the petitioner's (1) likelihood of success on the merits, and (2) ability to articulate his claims pro se. Id. "Neither of these issues is dispositive and both must be viewed before reaching a decision." Id.

Although Plaintiff has established his indigence by successfully obtaining in forma pauperis status, appointing counsel to represent Plaintiff would be inappropriate because he has failed to demonstrate that he made reasonably diligent efforts to obtain counsel. In Plaintiff's declaration accompanying his motion for appointment of counsel, he represents he has contacted Bender and Bender to discuss handling his claim and that, as of the date of filing, Bender and Bender has neither decided nor declined to represent Plaintiff in this matter. (Dkt. No. 3 at 3.) Plaintiff's lone and inconclusive inquiry to obtain representation of counsel is not indicative of "a diligent effort to obtain counsel." Bailey, 835 F. Supp. at 552.

Even if Plaintiff had demonstrated a reasonable effort to obtain counsel, Plaintiff fails to show that exceptional circumstances necessitate appointment of counsel to represent him in this matter. First, Plaintiff offers no evidence to substantiate his claim that the decision of the Commissioner of Social Security was inappropriate. Second, Plaintiff's motion for appointment of counsel fails to explain how the complexity of

1  Plaintiff's action would prevent him from articulating his claims <u>pro se</u>.  For the foregoing
2  reasons, Plaintiff's request for appointment of counsel is **DENIED without prejudice**.

### CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed <u>in forma pauperis</u> is **GRANTED**.
2. Plaintiff's request for appointment of counsel is **DENIED without prejudice**.
3. The United States Marshal Service shall serve a copy of the complaint and summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285.  All costs of service shall be advanced by the United States.

Dated: January 13, 2012

_____
JOHN A. HOUSTON
United States District Judge